United States District Court
District of Massachusetts

|  |  |
|---|---|
| United States of America, )<br>    )<br>            v.              )<br>    )<br>Charles Bomman,           )<br>    )<br>        Defendant.         )<br>    ) | Criminal Action No.<br>24-10131-NMG |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion of the United States ("the government") for a continuance of the trial date in this matter and for an exclusion of time under the Speedy Trial Act. Defendant, Charles Bomman ("defendant"), opposes the motion. For the reasons that follow, the motion will be allowed.

In February, 2024, defendant was charged on one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §846 and was indicted in May, 2024. Defendant has expressed, since the inception of this case, an adamant desire to go to trial as quickly as possible. Apparently because of that concern, he moved to dismiss his first appointed defense counsel in May, 2024. That motion was allowed and new counsel was appointed. In July, 2024, defendant moved to dismiss his second appointed counsel, citing the same concern that his case was not progressing quickly enough to trial.

- 1 -

Defendant's present counsel was appointed at the end of August, 2024. One month later, this Court held a status conference and set a tentative trial date for January, 2025. Now, the government moves for a definitive continuance of trial to January 6, 2025. Because that date falls beyond the 70-day limit proscribed by the Speedy Trial Act, 18 U.S.C. §3161, the government also moves for an exclusion of the intervening time.

Under the Speedy Trial Act, a criminal defendant is generally afforded the right to have his trial "commence within seventy days from the filing . . . of the . . . indictment." 18 U.S.C. §3161(d)(2). A defendant's right is not absolute, however. The Speedy Trial Act enumerates a range of exceptions under which courts may exclude time from the 70-day limit. Id. §3161(h). One exception is when a district court grants a continuance of trial, whether on its own or at the request of defendant or the government. Id. §3161(h)(7)(A). A court may grant such a motion and exclude time if it finds

> the ends of justice served by taking such action [will] outweigh the best interest of the public and the defendant in a speedy trial [within 70 days of indictment].

Id. The Speedy Trial Act sets forth factors to consider in determining whether the ends of justice are served, including:

> 1) whether the failure to grant such a continuance . . . would be likely to . . . result in a miscarriage of justice; 2) whether the case is so unusual or so complex, due . . . the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for . . . the

- 2 -

>      due . . . the nature of the prosecution . . . that it is
>      unreasonable to expect adequate preparation for . . . the
>      trial itself within the [70-day] time limit[]; [and] 3)
>      whether the failure to grant such a continuance . . . would
>      deny the defendant or the [g]overnment continuity of
>      counsel . . . or . . . the reasonable time necessary for
>      effective preparation [for trial].

Id. §3161(h)(7)(B). Neither the "general congestion of the court's calendar" nor a "lack of diligent preparation . . . on the part of . . . the [g]overnment," however, may be used as grounds to justify granting a continuance. Id. §3161(h)(7)(C).

The Supreme Court has described the exception for a continuance under §3161(h)(7) as affording district courts "flexibility" and "discretion." Zedner v. United States, 547 U.S. 489, 497-98 (2006). Applying this exception to achieve the "ends of justice" thus depends on the circumstances of each case. Id. at 506-07; United States v. Bruckman, 874 F.2d 57, 62 (1st Cir. 1989). As the First Circuit has underscored, it is the overall "reasonableness" of granting a continuance that is the "touchstone" of whether the ends of justice will be served. United States v. Barnes, 251 F.3d 251, 256 (1st Cir. 2001).

In this case, the government first contends that a continuance is warranted because of the complexity of discovery and the need for further preparation for trial. The government notes that discovery in this case includes evidence retrieved from 10 cellphones that hold some 87,000 electronic messages. It also anticipates, and defendant does not dispute, that there

will be various pretrial motions requiring extensive briefing, and a need for counsel to prepare expert disclosures.

The First Circuit has "routinely held" that counsels' need for reasonable time to prepare for trial is "sufficient to grant [a] continuance[] and exclude the time under the Speedy Trial Act." United States v. Harris, 660 F.3d 47, 51 (1st Cir. 2011). The volume of electronic discovery in this case, the ongoing need for counsel to resolve issues related to the cellphones and the protective order, and the government's need for adequate trial preparation thus offers a sufficient basis for the Court to conclude that a continuance reasonably meets the ends of justice. See United States v. Bokhari, No. CR 3:14-30044-MGM, 2015 WL 6509121, at *1 (D. Mass. Oct. 28, 2015) (granting continuance filed by government based on complex "volume of discovery" and ongoing need to resolve pretrial matters); United States v. Miller, No. CR 16-40026-TSH, 2017 WL 11318728, at *6 (D. Mass. June 9, 2017) (granting continuance filed by government based on need for adequate trial preparation).

As the First Circuit has recognized, valid scheduling conflicts of either defense counsel or government counsel are a "legitimate grounds" for granting a continuance under §3161(h). United States v. Pringle, 751 F.2d 419, 432 (1st Cir. 1984); United States v. Scantleberry-Frank, 158 F.3d 612, 615 (1st Cir. 1998). The government reports that its lead counsel would have

- 4 -

to withdraw in the absence of a continuance due to a scheduling conflict which presents an additional reason for a continuance. See United States v. Richardson, 421 F.3d 17, 29-30 (1st Cir. 2005) (affirming grant of continuance because it "justifiably . . . prevent[ed] the loss of continuity of counsel" had trial been scheduled earlier); see also United States v. Munyenyezi, No. 10-CR-85-1-SM, 2011 WL 1517951, at *2 (D.N.H. Apr. 20, 2011) (granting continuance under §3161(h)(7) based on government's need to maintain continuity of counsel); United States v. Adelekan, No. CR 21-395-3 (RAM), 2024 WL 4344683, at *6 (D.P.R. Sept. 30, 2024) (same). It would be unreasonable and inherently inconsistent with the ends of justice now to force the government's lead attorney to withdraw.

Defendant rejoins that the complexities of this case do not merit a continuance of trial and that the government's need for continuity of counsel do not outweigh defendant's right to have a trial within 70 days. The Court disagrees. A defendant's right under the Speedy Trial Act is neither unassailable nor inflexible, and the need for the government to prepare for trial and maintain continuity of counsel are both well-established grounds for granting a continuance in circumstances such as these. See United States v. Joost, 133 F.3d 125, 130 (1st Cir. 1998) (affirming continuance as "reasonable under the circumstances" because counsels' "[a]dequate preparation time"

and need for "continuity of counsel" are "clearly permissible reasons for granting a continuance and tolling the Speedy Trial Act" (quotations omitted) (alteration in original)).

Defendant also cursorily asserts that a continuance would infringe upon his right to a speedy trial as a constitutional matter. See U.S. Const. amend. VI.  The critical factors of a Sixth Amendment speedy-trial analysis are 1) the length of the delay, 2) the defendant's assertion of his right, 3) prejudice to the defendant, and 4) the reason for the delay and whether it is attributable to the government. United States v. Reyes, 24 F.4th 1, 28 (1st Cir. 2022) (citing Barker v. Wingo, 407 U.S. 514, 530-33 (1972)).  A presumptively prejudicial delay is the "triggering" factor without which courts need not dwell upon the others. United States v. Munoz-Franco, 487 F.3d 25, 60 (1st Cir. 2007).  Because a delay is not generally deemed prejudicial until at least one year has elapsed since indictment, defendant's constitutional claim fails at the outset. See United States v. Casas, 425 F.3d 23, 33 (1st Cir. 2005) (recognizing "one-year" as "point at which pre[-]trial delay is generally considered to be presumptively prejudicial").  Even with a continuance to January 6, 2025, defendant's trial will occur well within one year of his April, 2024, indictment.  Therefore, the government's request for continuance neither runs afoul of the Speedy Trial Act nor Sixth Amendment.

ORDER

For the foregoing reasons,

1) the motion of the government to continue trial until January 6, 2025, and to exclude time from October 4, 2024, to January 6, 2025, (Docket No. 76) is **ALLOWED**;

2) trial in this case is hereby set to commence on Monday, January 6, 2025; and

3) all time between October 4, 2024, and January 6, 2025, is hereby excluded for purposes of the 70-day limit established by the Speedy Trial Act, 18 U.S.C. §3161.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: October 30, 2024